UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSE FRANCISCO OCHOA, | No. EDCV 08-1858 CW |
| Plaintiff, | DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of disability benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

## I.  BACKGROUND

Plaintiff Jose Francisco Ochoa was born on February 13, 1954, and was fifty-three years old at the time of his administrative hearing. [Administrative Record ("AR") 18, 96.] He has twelve years of education and no past relevant work. [AR 15.] Plaintiff alleges

1

disability on the basis of hepatitis C and stomach ulcers. [AR 34.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on December 15, 2008, and filed on December 26, 2008. On June 22, 2009, Defendant filed an answer and Plaintiff's Administrative Record ("AR"). On August 26, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on May 19, 2006, alleging disability since January 1, 2004. [AR 96.] After the application was denied initially and on reconsideration, plaintiff requested an administrative hearing, which was held on January 24, 2008, before Administrative Law Judge ("ALJ") Barry S. Brown. [AR 18.] Plaintiff appeared with counsel and gave testimony. [AR 19.] The ALJ denied benefits in a decision issued on March 20, 2008. [AR 11-17.] When the Appeals Council denied review on October 31, 2008, the ALJ's decision became the Commissioner's final decision. [AR 1-3.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland

1 v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
2 Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
3 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094,
4 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
5 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
6 v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not

1 disabled is appropriate.
2    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
   Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
   Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 19, 2006, the filing date of Plaintiff's Title XVI application (step one); that Plaintiff had "severe" impairments, namely hypertension, history of hepatitis C and history of polysubstance abuse (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13.]  The ALJ determined that Plaintiff had an RFC for the full range of medium work. [<u>Id.</u>]  Plaintiff had no past relevant work (step four). [AR 15.]  Based on application of Rule 203.21 of the Medical-Vocational Guidelines, it was determined that Plaintiff could perform work existing in significant numbers in the national economy (step five). [AR 16.]  Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [<u>Id.</u>]

**C.  ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ properly considered the Plaintiff's testimony regarding his alleged memory problems and severe depression;

2. Whether the ALJ properly considered the Plaintiff's testimony regarding his alleged inability to read, write, speak or understand English;

3. Whether the ALJ properly considered the consultative examiner's opinion; and

4. Whether the ALJ should have obtained vocational expert

testimony.

[JS 2-3.]

### D. ISSUE ONE: DEPRESSION AND MEMORY PROBLEMS

In the first claim, Plaintiff asserts that the ALJ did not properly consider Plaintiff's testimony regarding his memory problems and severe depression. [JS 3-5.] At the administrative hearing, Plaintiff testified, among other things, that he is depressed "sometimes," and that this condition is severe. [AR 25.] Plaintiff also testified that he has troubles with his memory and difficulty with concentration. [Id.]

The ALJ did not reference this portion of Plaintiff's testimony in the administrative decision but noted that Plaintiff "has offered little objective medical evidence of a medically determinable impairment or impairment related limitations." [AR 14.] The ALJ also determined, based on a number of reasons including inconsistencies in the Plaintiff's testimony, that Plaintiff's testimony "although appearing sincere, is not fully credible" regarding his symptoms and functional limitations. [Id.] Plaintiff asserts that this determination constituted reversible error because it was not "sufficiently specific" as to Plaintiff's allegations of depression and memory problems. [JS 3-5.]

The appropriate standard in the Ninth Circuit for evaluations of subjective symptom testimony in Social Security disability cases requires, first, that the claimant produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged symptom; when this evidence is produced, the Commissioner may not reject a claimant's credibility without specifically making findings which support this conclusion. Bunnell v. Sullivan, 947 F.2d

6

341, 345 (9th Cir. 1991)(en banc)(affirming standard of Cotton v. Bowen, 799 F.2d 1403, 1407 (1986), for review of ALJ evaluations of pain and subjective symptom testimony).  The credibility determination must state "clear and convincing" reasons that includes a specific statement of which symptom testimony is not credible and what facts in the record lead to that conclusion.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)(citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)); see also Lester v. Chater, 81 F.3d at 834 ("For the ALJ to reject the claimant's complaints, [the ALJ] must provide specific, cogent reasons for the disbelief").

Here, Plaintiff's assertion that the ALJ's evaluation of the hearing testimony was not sufficiently specific regarding Plaintiff's statements regarding his depression and memory problems lacks merit because Plaintiff did not satisfy the initial requirement of producing medical evidence of an underlying impairment to warrant such an evaluation.  As the ALJ correctly noted, the record contains almost no objective medical evidence of a medically determinable impairment or impairment related limitation.  The record does not indicate that Plaintiff was diagnosed with or sought treatment for depression or memory problems, and Plaintiff's subjective complaints by themselves were insufficient to warrant further analysis.  See Bunnell v. Sullivan, 947 F.2d at 347 ("We rejected the claims for disability because the claimant failed to produce medical evidence of an underlying impairment . . . [although] the pain need not be corroborated by objective medical findings, . . . some impairment must be medically ascertained.")(citations omitted).  Accordingly, this claim provides no grounds to reverse the ALJ's decision.

**E.   ISSUE TWO: LACK OF ENGLISH PROFICIENCY**

In the second claim for relief, Plaintiff asserts that the ALJ's finding as to Plaintiff's ability to read, write, speak or understand English was based on unsupported opinions and assumptions. [JS 10-12.] The record indicates that, as part of his disability application, Plaintiff stated that he does not speak and understand English, and that his preferred language was Spanish. [AR 104.]  At the hearing, a Spanish-language interpreter was available. [AR 20.]  During Plaintiff's testimony, however, the ALJ made the observation that Plaintiff was speaking English, and Plaintiff replied that "I understand it." [AR 29.]

In the administrative decision, the ALJ determined that Plaintiff "is at least able to communicate in English and/or has basic English skills." [AR 16.]  In support of this finding, the ALJ noted that Plaintiff had lived in the United States for almost forty years, that he had worked for many years,[2] that it was "improbable that he is not at least able to communicate in English," and that at the hearing, Plaintiff did not deny that he could communicate in English, but only stated that he had problems. [Id.]  Plaintiff contends that evidence of Plaintiff's lack of English proficiency "has significant ramifications for his vocational base," that the ALJ's finding is "speculative," and that the evaluation does not meet the Ninth Circuit standard for credibility determinations. [JS 10-12.]

Plaintiff's assertions are without merit.  The ALJ provided specific, cogent reasons for disregarding Plaintiff's claim that

---

[2] Although the ALJ found that Plaintiff had no past relevant work as defined by the Act (20 C.F.R. § 416.965), Plaintiff reported in his application that he worked as a painter in the construction industry from 1982 to 1987. [AR 16, 106.]

satisfied the <u>Bunnell</u> standard above.  The record supports the ALJ's determination that it was improbable that Plaintiff lacked basic English skills based on factors such as Plaintiff's lengthy residence in the United States, his work history, and his statements at the hearing.  Moreover, Plaintiff's assertion that lack of proficiency in English "has significant ramifications for his vocational base" is incorrect.  The ALJ's application of the Medical-Vocational Guidelines to determine whether Plaintiff could perform work existing in significant numbers in the national economy, based on undisputed factors such as Plaintiff's age and exertional ability, directed a finding of non-disability at all levels of English proficiency.  <u>See</u> 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 3.  Accordingly, this claim must be denied.

**F.   ISSUE THREE: CONSULTATIVE EXAMINER'S OPINION**

In Claim Three, Plaintiff asserts that the ALJ "merely summarized" the opinion of an examining physician, Dr. Rocely Ella-Tamayo, but "failed to explain whether he accepted or rejected it." [JS 14.]  In an internal medicine examination conducted on December 28, 2006, Dr. Tamayo made the following functional assessment:

> The claimant is restricted in pushing, pulling, lifting, and carrying to about 50 pounds occasionally and about 25 pounds frequently.  Sitting is unrestricted.  In terms of standing and walking, the claimant is able to stand and walk 6 hours out of an 8-hour workday with normal breaks.  He is able to kneel without restrictions, squat occasionally because of alleged left groin discomfort.  There is no functional impairment observed on both hands.

[AR 172.]

9

In the administrative decision, the ALJ described Dr. Tamayo's evaluation but did not explicitly state whether it was rejected or accepted. [AR 15.] However, the ALJ found that Plaintiff had an RFC for "the full range of medium work," which was wholly consistent with Dr. Tamayo's opinion. [AR 13.] Although Dr. Tamayo's opinion was not favorable to Plaintiff's claim, Plaintiff appears to assert that a portion of the opinion, stating that Plaintiff could stand and walk six hours out of an eight-hour workday with normal breaks, reflected an erosion of Plaintiff's ability to perform a full range of medium work that was not properly developed as an issue. [JS 16.] However, the Commissioner's standard definition of medium work includes an ability to stand and walk within limits identical to those expressed in Dr. Tamayo's opinion. Social Security Ruling ("SSR") 83-10, 1983 WL 31251 at *6 ("A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds"). Accordingly, this claim is without merit.

**G.  ISSUE FOUR: VOCATIONAL EXPERT TESTIMONY**

In the final claim, Plaintiff asserts that, in light of his non-exertional limitations, such as his depression, limited education, lack of proficiency in English, and symptoms of Hepatitis C, the ALJ erred by not obtaining the testimony of a vocational expert at the hearing before finding Plaintiff not disabled. [JS 17.]

At step five of the five-step disability evaluation, the burden shifts to the Commissioner to prove that the claimant is capable of engaging in other jobs that exist in substantial numbers in the national economy. <u>Valentine v. Commissioner Social Sec. Admin.</u>, 574

F.3d 685, 689 (9th Cir. 2009).  There are two ways for the Commissioner to meet this burden: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines ("grids").  Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1223 n. 4 (9th Cir. 2009)(citing Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999)).  The grids are "predicated on a claimant suffering from an impairment which manifests itself by limitations in meeting the strength requirements of jobs ('exertional limitations'); they may not be fully applicable where the nature of a claimant's impairment does not result in such limitations ('non-exertional limitations')."  Lounsberry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006).  The Commissioner's need for efficiency justifies use of the grids at step five, but only when the grids "completely and accurately represent a claimant's limitations."  Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006); Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000); Tackett v. Apfel, 180 F.3d at 1101 ("In other words, a claimant must be able to perform the full range of jobs in a given category").

"Significant non-exertional impairments . . . may make reliance on the grids inappropriate" and require the testimony of a vocational expert.  Id., 180 F.3d at 1101-02.  The non-exertional limitation must be "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations."  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007)(quotation omitted).  For example, "the severity of the limitations at step five that would require use of a vocational expert must be greater than the severity of impairments determined at step two."  Id. (recognizing that step two requires a lower showing of severity than step five and therefore, a

finding at step two that an impairment is severe does not necessarily require that the ALJ seek assistance of vocational expert at step five). "Thus, built into the step-five determination and the grids is recognition that the claimant has met the threshold requirement for a severe disability at step two." Id.

In this case, the record does not contain evidence of a significant non-exertional limitation that made reliance on the grids inappropriate and required the testimony of a vocational expert. As noted initially, the ALJ's step two finding did not include a finding that Plaintiff's alleged depression, memory or language problem was a severe impairment, which Plaintiff does not dispute here. Because Plaintiff did not make a threshold showing that these asserted non-exertional impairments were severe at step two of the five-step inquiry, such limitations are not "sufficiently severe" to require vocational expert testimony at step five. Id., 499 F.3d at 1075; see also Valenzuela v. Astrue, 2008 WL 477833 at *17 (D. Ariz. 2008)("[T]he ALJ's conclusion at step two that Plaintiff's depression was not severe prevented later consideration as to whether Plaintiff's limitations of mental functioning were sufficiently severe so as to make the grids inapplicable at step five")(applying Hoopai v. Astrue). Moreover, Plaintiff submitted no medical evidence of depression, memory problems or limitations from Hepatitis C, and the ALJ reasonably rejected Plaintiff's claim that he lacked ability to communicate in English as not fully credible. Cf. Moore v. Apfel, 216 F.3d at 869 (finding that ALJ "correctly enlisted the help of a VE" because the claimant had "both exertional and nonexertional limitations"). A review of the record revealed no evidence of a significant or sufficiently severe limitation calling into question

the ALJ's conclusion that Plaintiff is capable of performing a full range of jobs in the medium work category.  Accordingly, this claim must be denied.

## V.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.
2. This action is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 6, 2009

_____/S/_____
CARLA M. WOEHRLE
United States Magistrate Judge